### STATE ex use etc. v. BAILEY.

EQUITY JURISPRUDENCE—*When no cognizance of a suit in rem.*—Equity jurisprudence, independent of a statute for that purpose, has no cognizance of a bill brought *in rem* against real estate to foreclose a mortgage given thereon.

APPEAL FROM PULASKI CHANCERY COURT.

Hon. T. D. W. YONLEY, *Chancellor.*

*Montgomery, Attorney General,* for Appellant.
*Clark & Williams,* for Appellee.

GREGG, J., announced the following opinion delivered by the chancellor in the court below, as the opinion of the court, to-wit:

"The bill in this case is brought by the State of Arkansas on behalf of herself and the holders of the bonds issued by the State, under the provisions of the act of the General Assembly incorporating the Real Estate Bank of the State of Arkansas, to enable that bank to obtain banking capital, as well as on behalf of the creditors of the bank to foreclose a mortgage given by John Dillard upon certain lands therein

described, to secure the payment of a stock bond executed by him to the Real Estate Bank, dated the 27th day of October, 1838, for the sum of fourteen thousand eight hundred and ninety-six dollars.

The bill in this case is not brought against Dillard, his heirs, executors, administrators or assigns, or any other person claiming by, through or under him, or against any person in possession of the property, but is brought directly against the land itself, and is, to all intents and purposes, a proceeding in *rem*.

To this bill, Joseph H. Bailey has interposed a demurrer, assigning, among other causes not necessary to be mentioned under the view that I take of the case, that neither the said John Dillard, nor his executors, administrators or heirs, nor any person claiming any interest in the lands mortgaged, nor any other person, is made defendant to said bill of complaint, nor is the said bill a proceeding against any person, but against the lands in *rem*, and that by the Constitution and laws of the United States, and of the State of Arkansas, the said mortgage cannot be foreclosed, and all equity of redemption be barred as against any and all owners of said equity by a proceeding in *rem* against the lands.

After mature reflection, I am well satisfied that this cause of demurrer is well taken. It is argued, however, that under the 13th and 14th sections of chapter 28, Gould's Digest, this court has no jurisdiction of the subject matter of this suit, and that Bailey having appeared, claimed the land, and interposed a demurrer, is estopped from questioning the sufficiency of the service, and that Bailey having thereby entered his appearance, the court now has jurisdiction of both the person of Bailey and of the subject matter of the suit, and ought to proceed to a final decree in this case. This argument is fallacious, and is sustained by neither reason nor authority.

This case is not claimed to be within the provisions of the act of January 16th, 1861. That act provides for the fore-

closure of the mortgages given under the 13th section of the act establishing the Real Estate Bank of Arkansas, approved October 28th, 1836, and for the forclosure of none others.

The object of these foreclosures was to provide a fund for the payment of the fifteen hundred and thirty bonds originally issued by the State to the Real Estate Bank.

The mortgage to foreclose which this bill is brought, is not comprehended within the terms or meaning of that act; it belongs to a different class of mortgages altogether. Such being the case, the inquiry is reduced to the simple question: Can a bill, independent of a statute for that purpose, be brought in *rem* against real estate to foreclose a mortgage given thereon.

We would seek in vain for an authority warranting such a proceeding, both in the equity jurisprudence of England and America.

It is certainly true that the act of January 16th, 1861, relates entirely to the remedy and not to the right. It provides a remedy for the foreclosure of certain mortgages, of which the mortgage now in question is not one.

The mortgages, included within the statute, may be foreclosed in pursuance of the statute, but those which are beyond its provisions, must be proceeded upon according to the established rules of equity jurisprudence, that is to say, by a proceeding in *personam*, and not a proceeding in *rem*.

Indeed the difficulty in this case is not about the service only; the trouble is of a decidedly more serious character.

Had this suit been brought against the parties in interest as defendants, then their general appearance to the bill would have dispensed with service, or cured a defective one. But this bill is brought against the land, and is wholly without the sanction of law.

The demurrer questions not the sufficiency of the service, but attacks the validity of the whole proceeding, and denies the right of the court to take cognizance of a suit brought in this manner, and to render a decree of foreclosure thereon,

which, in law, would have the effect to bar the equity of redemption of the parties in interest. It asserts that the suit is brought in violation of the rules of equity jurisprudence, and, therefore, is without a *locus standi* in a Court of Chancery.

These objections are well taken, and seem to me to be beyond controversy.

If the State can, without the aid of a statute, proceed in *rem* to foreclose this mortgage, why cannot every mortgage be foreclosed by a like proceeding?

The State is here merely a suitor, and in this, as in every other suit brought by her, she must proceed according to the known rules of the law, or otherwise must fail. There is, in a legal point of view, no suit here.

To constitute a suit in chancery, except in a few cases that may be proceeded in *ex parte*, there must be a party complainant and defendant, and every departure from this rule must depend upon some statute law for its sanction. The appearance of the claimant does not help the matter. There is no suit pending in this court against Bailey, to which he can enter his appearance as a defendant. The proceeding is against the land of which he claims to be the owner. He comes into court and says he owns the land, and by his demurrer objects to the legal right of this court to take cognizance of the cause brought in the manner it is, or to render any decree whatever in the premises. Denies, in fact, the jurisdiction of the court to decree a foreclosure of the mortgage given by Dillard under the form of proceedure adopted in this case.

Having appeared, cannot take away his right to do this. Every defendant can do this, whether he has voluntarily appeared to the action, or been brought into court by the due service of process.

At common law the defendant could enter his appearance and then demur to the form of the action, as that debt has been brought when the action should have been assumpsit. And it would have been no answer to have said that the court had jurisdiction of the subject matter; and that by reason of

the defendant's appearance the court has acquired jurisdiction of his person.

The objection is to the form of the action, and, if well taken, puts an end to the suit.

It is certainly true there never were any forms of action in equity proceedings necessary to be adopted to enforce particular rights, or redress particular wrongs. Yet there are certain well fixed rules to which every proceeding in chancery must conform, and among them is the rule never departed from, to my knowledge, that suit in chancery must be a proceeding in *personam*. Certainly a Court of Chancery may, as incident to a suit brought, lay hold of property and hold it subject to the final result of the suit, but can, according to the rules of equity jurisprudence, never proceed directly against property as a party to the suit.

This case not being within the act of January 16, 1861, and being a proceeding against the land itself, brought without the sanction of law, is not a proceeding of which this court can take cognizance, and must, therefore, be dismissed."

The decree of the Pulaski Chancery Court is in all things affirmed.